CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 25 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 6:07-cr-00034-2 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| MICHAEL COWEN | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Michael Cowen, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Cowen challenges the validity of his confinement pursuant to this court's judgment that sentenced him to 92 months' incarceration for his convictions involving health care fraud. Cowen alleges that the United States breached the terms of the plea agreement and he received ineffective assistance of counsel. The United States filed a motion to dismiss, and Cowen responded, making the matter ripe for disposition. After reviewing the record, the court finds that the United States' motion to dismiss must be granted.

I.

Pursuant to a written plea agreement, Cowen pleaded guilty on February 23, 2009, to conspiring to defraud the United States in violation of 18 U.S.C. § 371 ("Count One") and health care fraud in violation of 18 U.S.C. § 1347 ("Count Three"). Cowen signed his initials on the pages of the plea agreement,[1] including the page containing the waivers of his right to appeal and collaterally attack his conviction or sentence. By signing the plea agreement, Cowen affirmed that he read the plea agreement, carefully reviewed every part of the agreement with his attorney, understood the agreement, and voluntarily agreed to its terms. Notably, Cowen also acknowledged that he was satisfied by his counsel's representation and did not have a complaint

---

[1] The only page Cowen did not initial was the United States' separate signature page, which is the last page of the document.

about him. Cowen further agreed to inform the court of any dissatisfaction or complaint he may have with his counsel by no later than sentencing. In consideration for the plea, the United States agreed to recommend "a sentence of incarceration at the low end of the applicable guidelines range." (Plea Ag't (no. 59) 5.) Following negotiations with the United States, Cowen and his counsel blacked-out several portions of the plea agreement and added terms before the parties signed it.

During his plea hearing, Cowen stated under oath that he spent a year and a half in college and that he was not under the influence of any mind-altering or judgment-affecting drug, medication, or alcoholic beverage. The court established that Cowen was aware of the nature of the charges against him, understood the range of punishment he faced, understood how the United States Sentencing Guidelines might apply in his case, and knew of his right to a jury trial. Cowen affirmed that he understood the court could not determine a sentence for him until after a presentence report was prepared, which he and the United States would first have the opportunity to review. Cowen further affirmed that he understood he would be bound by his plea agreement even if the sentence was more severe than he expected it to be.

Cowen's counsel acknowledged that the United States "agreed to recommend the low end of the sentencing guidelines if the Court finds that to be a reasonable sentence." (Plea H'rg Tran. 10:6-8.) Counsel also reiterated that Cowen waived any right to appeal or collaterally attack the plea or the sentence. (Id. 10:16-18.) The United States also stated during the hearing that:

> [A]lthough the parties have agreed what they believe to be the fair and appropriate enhancements, it is also noted on page four that the defendant recognizes that the ultimate sentencing is at the discretion of the Court as well as also recognized at the end of it that, although we have attempted to predict, as is common in these types of white-collar pleas, that both sides recognize that that's up to the Court,

2

and the probation officer, on the ultimate sentence that the defendant would receive, and also point out as part of it is waivers of appeal and any habeas corpuses, he has also recognized that he will bring to the attention of the Court any thoughts his counsel have been ineffective by the time of his sentencing.

(Id. 11:22-25 – 12:1-10.)

The court asked Cowen if he read and understood the agreement before he signed it, and Cowen responded in the affirmative. Cowen further affirmed that everything he heard his counsel and the United States say about the plea agreement was the same as his understanding of the agreement. Notably, Cowen acknowledged that nobody made any other promise or assurance of any kind to induce him to plead guilty or otherwise forced him to plead guilty. Cowen also affirmed his waiver to subsequently file a petition for a writ of habeas corpus or attack the judgment in some other way. (Id. 13:4-8.) Despite the plea agreement's provisions and his waived rights, Cowen stated that he still wanted to plead guilty. The court ultimately accepted Cowen's guilty plea and found that he was "fully competent and capable of entering an informed plea, that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." (Id. 21:14-18.)

On September 3, 2009, the court held Cowen's sentencing hearing. The Probation Officer calculated the applicable guideline range between 92 and 115 months in the presentence report, which was provided to Cowen and the United States before the hearing. Counsel stated that the parties anticipated before receiving the presentence report that Cowen would have a lower criminal-history score because they were not aware of the impact his prior driving convictions and probationary status would have on his guideline calculations. Counsel argued that a sentencing range of 63 to 78 months would be a more reasonable sentence, albeit a

variance from the applicable guideline range, because the prior convictions and probationary status overstated the seriousness of Cowen's criminal history. In response, the United States acknowledged its obligation via the plea agreement and recommended "a sentence at the low end of the guidelines." (Sentencing H'rg Tran. 14:13-17.) Despite counsel's arguments, the court sentenced Cowen to, inter alia, a total term of 92 months' incarceration: 60 months' incarceration for Count One and 32 months' incarceration for Count Three, running consecutively. Cowen did not inform the court of any dissatisfaction with his attorney by the conclusion of his sentencing hearing, and he did not appeal his conviction or sentence.

Cowen timely filed the instant § 2255 motion, claiming that the United States breached the plea agreement because it promised a sentence of 63 months and that his counsel provided ineffective assistance, in violation of the Sixth Amendment of the United States Constitution. Counsel was allegedly deficient for not objecting to the United States' breach of recommending a 92-month sentence and for erroneously advising him that he would receive a 63-month sentence.

## II.

### A.

As an initial matter, the United States argues that Cowen is not entitled to relief via the instant motion because his plea agreement is valid and contained a waiver of the right to collaterally attack his conviction and sentence. Cowen argues in opposition that the waiver provision specifically exempted acts of ineffective assistance of counsel or prosecutorial misconduct not known to Cowen before his guilty plea.

A "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403

F.3d 216, 220 (4th Cir. 2005). To bar Cowen from collaterally attacking his conviction, the waiver in his plea agreement must be both valid and sufficiently broad in scope to encompass his instant claims. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (discussing the waiver of appellate rights). After reviewing the record, the court finds the waiver, although valid, is not sufficiently broad to bar Cowen's instant § 2255 motion.

1.   Validity of the Waiver

A waiver is valid when "the record . . . show[s] that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. If the court determines that a petitioner's allegations when viewed against the record of the Rule 11 plea hearing are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination "is often made based on the adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the . . . waiver -- the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting General, 278 F.3d at 400). "Thus, the determination 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

The record reveals that Cowen, who received a college education, read and signed his plea agreement that provided he would forfeit his right to appeal his sentence on any ground and "waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255 . . . ." (Plea Ag't 7 (emphasis added).) Cowen acknowledged during his plea colloquy that he read and understood the plea agreement before he signed it. Cowen further acknowledged during his plea colloquy that he was voluntarily waiving his right to file a petition for a writ of habeas corpus or attack the judgment in some other way. The plea agreement provided in clear, certain terms that he was waiving his right to file any type of document, whether or not based on § 2255, to question the validity of his conviction, and Cowen testified that he understood these terms. Thus, the record establishes that Cowen knowingly and intelligently waived the right to file any pleading to question the validity of his conviction, and his arguments to the contrary are palpably incredible.

2. Scope of the Waiver

The next question is whether Cowen's waiver bars this collateral attack. Furthermore, the United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. These claims include issues that a defendant could not reasonably have foreseen when entering into a plea agreement, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor. See, e.g., Attar, 38 F.3d at 732; United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Thus, the court must determine whether Cowen's claims fall within the waiver by agreement or outside the waiver by law.

The waiver did not prohibit a collateral attack that challenged "grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Cowen] at the time of [his] guilty plea." (Plea Ag't 7.) Cowen argues that the United States acted in bad faith by breaching the terms of the plea agreement when its counsel allegedly recommended a 92-month sentence despite the promise to recommend a 63-month sentence. Cowen also argues that counsel's failure to contemporaneously object to the United States' breach constituted ineffective assistance of counsel. Thus, Cowen's instant claims of alleged prosecutorial misconduct and ineffective assistance of counsel that occurred during the sentencing hearing were not known to him at the time of his guilty plea. Therefore, these claims fall outside the scope of the waiver. Although these claims are not waived, the court finds them meritless and dismisses them.

B.

1. The United States did not breach the plea agreement.

Cowen's first claim is that the United States breached the plea agreement when its counsel recommended a 92-month sentence instead of the previously agreed to 62-month sentence. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." United States v. Lewis, 633 F.3d 262 (4th Cir. 2011) (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).

The United States did not breach the plea agreement because it agreed "to recommend a sentence of incarceration at the low end of the applicable sentencing guidelines range." (Plea Ag't 5 (emphasis added).) Cowen's claim is directly contradicted by the record; the United States recommended that the court sentence Cowen to the low end of applicable the guideline

7

range calculated by the Probation Officer. At no time during the sentencing hearing did the United States recommend a 92-month sentence. Thus, the United States fulfilled its promise when the court received its recommendation, which reflected the plea agreement. Accordingly, Cowen's claim is plainly contradicted by the record, and it must be dismissed.

2. The record does not support the claim that an alleged promise to recommend a 62-month sentence induced Cowen to plead guilty.

To the extent Cowen may allege that a promise to recommend a 62-month sentence induced him to plead guilty, his claim likewise fails. Cowen specifically acknowledged during the plea hearing that he read the agreement, no promises were made to him to induce his guilty plea other than what was acknowledged in the written plea agreement, and the parties accurately summarized the agreement during the hearing, which did not describe any recommendation for a 62-month sentence. Cowen specifically acknowledged in the plea agreement:

> Although the United States, my attorney, and I have determined [specific] . . . Sentencing Guideline Sections are appropriate to my conduct, I fully understand and acknowledge that the Court will ultimately determine my appropriate sentence and can reject any or all of the recommendations and sentence to the maximum penalty[2] provided by Law."

(Id. 4.) Cowen even wrote in the plea agreement by his own hand, "I understand that the ultimate sentencing discretion lies with the Court." (Id.) Cowen's counsel and the United States summarized the agreement as the United States would recommend the low-end of the calculated guideline sentence. Cowen's allegations contradict the provisions of the plea agreement that he affirmed under oath during his plea colloquy. See Lemaster, 403 F.3d at 221-22 (stating that

---

[2]The maximum penalty for Counts One and Three were listed in the plea agreement as five years and twenty years, respectively.

claims that contradict the sworn statements made during a Rule 11 colloquy are patently frivolous). Because Cowen's sworn statements to the court, taken as a whole, contradict this claim, it is dismissed.

3.   Cowen did not receive ineffective assistance of counsel.

Cowen argues that counsel was ineffective because counsel did not object to the United States' breach of the plea agreement and provided erroneous advice about the ultimate sentence Cowen received. After reviewing the record and applicable law, the court also dismisses these claims.

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective

representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

As already discussed, the United States did not breach the plea agreement. It promised to recommend a sentence at the low end of the applicable guideline range, which it did during the sentencing hearing. Therefore, counsel was not deficient for not objecting, and this claim is dismissed.

Cowen's claim that his "willingness to plead guilty was a result of counsel's assurances that a 63 month sentencing recommendation would be forthcoming" also fails under Strickland. As also already discussed, Cowen repeatedly acknowledged that the court had full discretion to sentence Cowen within the statutory maximums and minimums and was not bound by either what his counsel advised him he may receive or any alleged promise by the United States. Thus, any suggestion by counsel that Cowen would receive a specific sentence could only been seen as a best guess when Cowen knew that only the court had discretion to fix his sentence. Therefore, any alleged erroneous advice suggesting Cowen would receive a 63-month sentence was counteracted by the written plea agreement and colloquy, and it remained Cowen's choice to plead guilty.

Furthermore, Cowen fails to establish that, but for counsel's alleged bad guess for a

difference of thirty months, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Cowen greatly benefitted from the plea agreement because the United States agreed to dismiss thirty other counts from the indictment and agreed to not seek certain enhancements for the counts to which Cowen pleaded guilty. Accordingly, Cowen fails to establish either deficient performance or prejudice under Strickland, and these claims are dismissed.

III.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses Cowen's § 2255 motion to vacate, set aside, or correct sentence.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Cowen and counsel of record for the United States.

**ENTER**: This 25th day of May, 2011.

                                                                    United States District Judge